**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 14-4012**

————————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

RICO DEMORRIS TITUS,

               Defendant - Appellant.

————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:13-cr-00205-TDS-1)

————————

Submitted:  August 15, 2014         Decided:  August 21, 2014

————————

Before KING, GREGORY, and DIAZ, Circuit Judges.

————————

Affirmed by unpublished per curiam opinion.

————————

Michael E. Archenbronn, Winston-Salem, North Carolina, for Appellant.  Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rico Demorris Titus appeals the seventy-six-month sentence imposed by the district court after he pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Titus' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he has found no meritorious grounds for appeal but questioning whether the sentence imposed is substantively reasonable. Titus has filed a pro se supplemental brief challenging the district court's calculation of his offense level and criminal history category under the Sentencing Guidelines. We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider, among other things, whether the district court properly calculated the advisory Guidelines range. Id.

Titus first questions whether the district court erred by assessing one criminal history point for a prior conviction that he claims did not occur. Because Titus did not object to the calculation of his criminal history below, this claim is reviewed for plain error. See Henderson v. United States, 133

2

S. Ct. 1121, 1126-27 (2013) (discussing standard of review); United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010) (same). Based on this record, we conclude that Titus has failed to show that the district court's consideration of the challenged conviction was plain error. See United States v Slade, 631 F.3d 185, 188 (4th Cir. 2011) ("The defendant bears the burden of establishing that the information relied upon by the district court — here the [presentence report] — is erroneous.").

Nor do we find error — plain or otherwise — in the district court's imposition of a four-level enhancement for possession of a firearm in connection with another felony offense under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2012). The district court found that Titus' possession of 3.48 grams of crack cocaine divided and wrapped in five individual packages constituted a drug trafficking offense. Because officers found the firearm in Titus' backpack "in close proximity" to the cocaine base found on his person at the time of his arrest, the district court did not err in imposing this enhancement. See id. & cmt. n.14(B)(ii).

Counsel questions whether the sentence imposed was substantively reasonable. A within-Guidelines sentence, like the one the district court imposed on Titus, is presumed reasonable on appeal, United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012), and the defendant bears the burden to "rebut

3

the presumption by demonstrating that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) [(2012)] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). Having reviewed the record and the explanation given by the district court, we conclude that Titus has not shown that his sentence is substantively unreasonable.

In accordance with Anders, we have reviewed the entire record for any meritorious grounds for appeal and have found none. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Titus, in writing, of his right to petition the Supreme Court of the United States for further review. If Titus requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Titus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4